FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 AUG 15 PM 3: 03

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

August 15, 2016

MEMORANDUM TO COUNSEL

    Re:   *CX Reinsurance Company Limited v. MAR Properties, Inc., et al.*
           Civil Action No. ELH-15-3349

Dear Counsel:

    As you know, on November 3, 2015, plaintiff CX Reinsurance Company Limited ("CX Re") filed suit in this Court against defendants MAR Properties, Inc. ("MAR") and Ronald Fishkind. ECF 1. CX Re seeks "rescission and other relief resulting from Fishkind's misrepresentation of material fact on an application for commercial general liability insurance . . . ." *Id.* ¶ 1. The Complaint alleges that MAR is a "forfeited Maryland corporation . . . in the business of owning and managing rental housing in the Baltimore area" (*id.* ¶ 4) and that Fishkind is "affiliated with and an agent" of MAR. *Id.* ¶ 5. In particular, CX Re alleges that Fishkind fraudulently misrepresented previous lead paint violations for buildings originally insured by CX Re's predecessor in interest, CNA Reinsurance Company Limited. *See id.* ¶¶ 3, 8-25.

    On August 1, 2016, the parties filed an "Amended Stipulation to Extend Time to File a Responsive Pleading to August 31, 2016" (the "Amended Stipulation"). ECF 19. It said, in relevant part, *id.* at 1:

> The parties have been working hard to secure a mediation date and a mediator and have recently succeeded in reaching an agreement as to both. The parties have agreed to conduct a mediation of the dispute in this action on August 16, 2016 . . . . The parties continue to believe there is a genuine opportunity to resolve this dispute by mediation. Thus, to allow the parties the time necessary to conduct the scheduled mediation and to finalize any settlement documents, the parties respectfully request an extension until August 31, 2016.

    By Order of August 1, 2016 (ECF 20), I approved the Amended Stipulation.

    On August 8, 2016, Lakirah Barnes and Justic Greene (the "Intervenors") filed a "Motion to Intervene" (the "Motion"), pursuant to Fed. R. Civ. P. 24. ECF 21. They have also filed "Intervenors' Answer to Complaint." ECF 21-1.

    The Intervenors maintain that they have both filed lead paint injury claims against Fishkind and MAR in the Circuit Court for Baltimore City, alleging injurious lead exposure in a

- 2 -

property that CX Re insured under the policies at issue in this case. ECF 21 ¶ 2. They also contend that their claims in a Maryland state court are "covered by one or more of the policies of insurance" that are at issue here. *Id.* ¶ 3.

The Intervenors complain that they "do not believe that Defendants have defended or will vigorously defend the allegations set forth in this Complaint . . . ." *Id.* ¶ 6. Therefore, they are "concerned that a settlement of this case by the parties to it will unfairly prejudice the Intervenor claimants under applicable policies at issue in this lawsuit." *Id.* ¶ 7.

In light of the foregoing, by August 31, 2016, counsel for CX Re and Fishkind and MAR are directed to respond to the Motion (ECF 21). The proposed Intervenors may reply in accordance with the local rules.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

                              Very truly yours,

                              /s/
                            Ellen Lipton Hollander
                            United States District Judge