FILED
U.S. DISTRICT COURT
DISTRICT

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND 2016 AUG 17  PM 4: 16

Chambers of
**Ellen Lipton Hollander**
District Court Judge

CLERK'S OFFICE 101 West Lombard Street
AT BALTIMORE Baltimore, Maryland 21201
410-962-0742
BY_____ _____ DEPUTY

August 17, 2016

MEMORANDUM TO COUNSEL

Re:    *CX Reinsurance Company Limited v. MAR Properties, Inc., et al.*
        Civil Action No. ELH-15-3349

Dear Counsel:

As you know, on November 3, 2015, plaintiff CX Reinsurance Company Limited ("CX Re") filed suit in this Court against defendants MAR Properties, Inc. ("MAR") and Ronald Fishkind. ECF 1. CX Re sought "rescission and other relief resulting from Fishkind's misrepresentation of material fact on an application for commercial general liability insurance . . . ." *Id.* ¶ 1. Neither defendant ever filed a responsive pleading. Rather, on several occasions, the parties stipulated to the extension of the deadline by which to respond, so that the parties could pursue settlement negotiations, and the Court approved the extensions. *See* ECF 5; ECF 7; ECF 9; ECF 11; ECF 13; ECF 15; ECF 18; ECF 20.

On August 8, 2016, Lakirah Barnes and Justic Greene filed a "Motion to Intervene" (the "Motion"), pursuant to Fed. R. Civ. P. 24. ECF 21. They have also filed a proposed Answer to Complaint. ECF 21-1. By Order of August 15, 2016 (ECF 22), I directed the parties to respond to the Motion. The following day, August 16, 2016, CX Re filed a "Notice of Voluntary Dismissal with Prejudice," pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF 23.

With exceptions not relevant here, Fed. R. Civ. P. 41(a)(1)(A)(i) provides: "[P]laintiff may dismiss an action *without a court order* by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." (Emphasis added).

According to 9 Wright & Miller, Federal Practice and Procedure (2008 & 2016 Supp.) § 2363 at 437-41:

> Although Rule 5(a) requires that a notice of voluntary dismissal be served on all other parties, the cases seem to make it clear that the notice is effective at the moment it is filed with the clerk.[] It is merely a notice[] and not a motion, although a notice in the form of a motion is sufficient.[] No order of the court is required[] and the district judge may not impose conditions.[] Since the notice terminates the action, "[t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by

[an] adversary or court."[] The court need not give the perfunctory order of closing the file. The plaintiff suffers no impairment beyond the fee for filing the action.[]

*See also In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) ("The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required."); *Jones, Blechman, Woltz & Kelly, PC v. Babakaeva*, 375 F. App'x 349, 350 (4th Cir. 2010) (Defendant "did not file an answer or a motion for summary judgment prior to the filing of the Rule 41(a)(1)(A)(i) notice. Therefore, the voluntary dismissal became effective upon filing of the notice with the clerk of the district court. At that point, the action terminated, and the district court was divested of jurisdiction.").

Here, as noted, neither MAR nor Fishkind has filed an answer or a motion for summary judgment. Accordingly, in my view, the case was terminated upon CX Re's filing of its "Notice of Voluntary Dismissal with Prejudice." ECF 23. I am unaware of any authority by which the proposed intervenors have the right to force plaintiff to continue its lawsuit against the defendants under the circumstances attendant here.

In light of the foregoing, the Motion (ECF 21) is DENIED as MOOT. Although the notice of voluntary dismissal (ECF 23) resolves the case, I shall direct the Clerk to CLOSE the case.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge